Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| LAURA MARGARITA VÉLEZ VÉLEZ y JUAN CARLOS MÉNDEZ TORRES por sí y en representación de su hija menor de edad VIVIANA MÉNDEZ VÉLEZ<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; MUNICIPIO AUTÓNOMO DE GUAYNABO; ST. JOHN´S SCHOOL; JUAN DOMINGO EN ACCIÓN, INC.; FIRSTBANK, PUERTO RICO; COMPAÑÍAS DE SEGURO X, Y, Z; DEMANDADOS DESCONOCIDOS A, B, C<br><br>Apelados | TA2026AP00468 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. GB2025CV00992<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparecen la señora Laura Margarita Vélez Vélez junto al señor Juan Carlos Méndez Torres, por ellos (los padres) y en representación de su hija menor de edad, Viviana Méndez Vélez (la menor), (en conjunto, los apelantes) a través de recurso de *apelación*, solicitando que revoquemos una *Sentencia Sumaria Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 20 de marzo de 2026. Mediante dicho dictamen, el foro apelado acogió una moción bajo la Regla 10.2 de Procedimiento Civil, *infra*, instada por el Estado Libre Asociado de Puerto Rico (ELA o apelado), en representación del Departamento de Educación (DE), al adjudicar que la causa de acción por daños y perjuicios presentada por los apelantes contra el ELA estaba prescrita por no haberse

cumplido con la notificación oportuna que exige la Ley de Reclamaciones y Demandas contra el Estado, *infra*.

En síntesis, la parte apelante aduce: que el TPI incidió al no valorar la teoría cognitiva del daño al sopesar el momento en que realmente conoció el daño ocasionado a la menor y entonces notificó al ELA de la causa de acción; que intervino una oportuna notificación al ELA a través de un mensaje que dirigieron los padres a la directora de la escuela donde aconteció el daño, y que, en cualquier caso, no correspondía desestimar la causa de acción instada por la menor, por cuanto los términos se paralizan por causa de la minoridad.

Examinada la *Sentencia* apelada junto a los argumentos de las partes, hemos decidido modificar la Sentencia apelada al no tener dudas de que el término para notificar al ELA que exige la Ley de Reclamaciones y Demandas contra el Estado, *infra*, no corre contra la menor hasta que alcance la mayoridad. No obstante, tampoco albergamos dudas de que los padres incumplieron con notificar oportunamente al ELA sobre la acción en daños y perjuicios, por lo que correspondía desestimar la *Demanda* presentada por estos, según así lo hizo el tribunal *a quo*. Por tanto, confirmamos la desestimación de la causa de acción instada por los padres, pero revocamos la desestimación dictaminada contra la causa de acción de la menor.

## I. Resumen del tracto procesal

El 22 de octubre de 2025, los padres, casados entre sí, presentaron una *Demanda* en daños y perjuicios, por ellos y en representación de su hija en común, la menor, contra varios demandados, entre los cuales fue incluido el ELA, en representación del DE. Fue alegado que, el 22 de octubre de 2024, la menor, estudiante en *St. John's School*, se personó a la Nueva Escuela Juan Ponce de León administrada por el DE para dar servicios comunitarios como parte de sus requisitos de graduación. Que, mientras se encontraba allí dando dichos servicios, colocó su pie derecho

en una alcantarilla y la parrilla de hierro de dicha alcantarilla cedió por estar rota, podrida y mohosa, cayendo dentro de dicha alcantarilla, **provocándole una herida profunda en la parte frontal de su pierna derecha**. (Énfasis provisto). Como causa del accidente o caída, la joven fue llevada en ambulancia con la herida abierta a sala de emergencias del Hospital Pavía en Santurce, donde fue atendida por el Dr. José Francisco Jiménez y, tras intervenir con su herida, **le tomaron múltiples puntos internos y externos**. (Énfasis provisto). Añadieron que, tiempo después, ¨[d]urante su graduación de escuela secundaria celebrada el 30 de mayo de 2025, [la menor] le expresó a sus padres que le incomodaba mucho tener una cicatriz tan visible y que le producía mucha impresión tocar la herida para poder maquillarla y tal vez disimularla un poco¨; además, "durante su *senior prom,* celebrado el 2 de junio de 2025, la menor se percató que le dolía aún más la pantorrilla derecha particularmente al usar zapatos altos¨.[1] Sobre lo descrito, sostuvieron que "los daños y angustias sufridos por la [menor] fueron causados por la omisión y negligencia del [ELA] [...] al no brindar las condiciones mínimas de seguridad que deben existir en un plantel escolar y mantener una alcantarilla rota, podrida y mohosa en el patio central de [la] escuela".[2] Por esto, reclamaron como compensación doscientos cincuenta mil dólares ($250,000.00) para la menor y cincuenta mil dólares ($50,000.00) para cada uno de los padres.

El ELA fue emplazado el 28 de octubre de 2025.[3]

Luego de que el foro primario atendiera varios asuntos no pertinentes a la controversia ante nuestra consideración, el ELA presentó una *Moción de Desestimación* el 12 de febrero de 2026. Argumentó que, conforme con las alegaciones de la *Demanda,* la parte demandante presentó una reclamación en daños y perjuicios por hechos ocurridos el 26 de octubre de 2024, fecha cuando la demandante advino en conocimiento de los alegados

---

[1] *Demanda,* Entrada Núm. 1 de SUMAC-TPI, pág. 5.
[2] *Íd,* pág. 6.
[3] *Moción Notificando Diligenciamiento de Emplazamientos*, Entrada Núm. 12 de SUMAC-TPI, pág. 1.

daños que reclama al haber caído dentro de una alcantarilla. Indicó que, a partir de tal fecha, los apelantes tenían hasta el 24 de enero de 2025 para notificar al ELA de una posible reclamación, según lo exige la Ley de Reclamaciones y Demandas contra el Estado. Arguyó que, a pesar de conocer del daño alegado desde la fecha de la caída, los padres vinieron a notificar al ELA de la posible reclamación el 27 de junio de 2025, incumpliendo así con el término de noventa (90) días para notificar sobre la posible presentación de una demanda. Es decir, el ELA sostuvo que "la notificación fue realizada pasados los noventa (90) días que dispone la ley".[4] En consecuencia,

> [t]oda vez que el incumplimiento sin justa causa de lo establecido en la Ley de Reclamaciones y Demandas Contra el Estado, *supra*, conlleva la desestimación de la reclamación, procede la desestimación en cuanto a la parte que aquí comparece, por no existir una reclamación que justifique la concesión de un remedio a favor de la parte demandante y en contra del ELA.[5]

En desacuerdo, los apelantes instaron una *Oposición a Moción de Desestimación*. En lo relativo a la presunta falta de notificación oportuna al ELA, esgrimieron que: 1) tuvieron conocimiento del daño real sufrido por la menor posterior al día del accidente, concretamente, entre la final de fútbol del 30 de abril de 2025, la graduación de 12mo grado del 30 de mayo de 2025, y el *senior prom* de 2 de junio de 2025, por lo que, conforme a la teoría cognitiva del daño, el término de noventa (90) días para notificar al ELA inició en tales fechas y no había transcurrido cuando notificaron a la Secretaria de Justicia el 27 de junio de 2025; 2) el *Informe de Accidente* que suscribió la Directora Escolar el día de la caída cumplió con el requisito de notificación al ELA, según lo demostraban los mensajes cursados entre la referida Directora y la madre de la menor, incluidos como apéndices; 3) no procedía desestimar la demanda en daños y perjuicios incoada por una menor, aunque sus padres o tutores hubiesen incumplido con el requisito

---

[4] *Moción de Desestimación*, Entrada Núm. 35 de SUMAC-TPI, pág. 3.
[5] *Íd.*

de notificación que establece la Ley de Pleitos contra el Estado, *infra*, pues el término comenzaría a correr a partir de la mayoría.

Es así como, el 20 de marzo de 2026, el TPI emitió la *Sentencia Sumaria Parcial* cuya revocación nos solicitan los apelantes. Según adelantamos, el foro primario acogió la moción de desestimación instada por el ELA al juzgar que no se realizó la notificación al Estado correspondiente a la presentación de una demanda por daños y perjuicios dentro del término que dispone la Ley de Reclamaciones y Demandas Contra el Estado. En consecuencia, ordenó la desestimación de la causa de acción que instaron contra el ELA tanto los padres como la menor.

Presentada oportuna *Solicitud de Reconsideración* por los apelantes, que fue denegada, estos acuden ante nosotros mediante recurso de *apelación*, señalando la comisión de los siguientes errores:

> **PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda en contra del codemandado apelado Estado Libre Asociado de Puerto Rico, de manera prematura y sumaria, a pesar de que los demandantes apelantes expusieron una reclamación que justifica la concesión de un remedio, sin permitirles tener su día en corte, e ignorando la teoría cognitiva del daño que el texto de la propia ley dispone y que el Tribunal Supremo de Puerto Rico ha establecido para analizar notificaciones al estado previo a la presentación de la demanda judicial.

> **SEGUNDO ERROR:** Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda en contra del codemandado apelado Estado Libre Asociado de Puerto Rico, de manera prematura y sumaria, a pesar de que los demandantes apelantes expusieron una reclamación que justifica la concesión de un remedio, sin permitirles tener su día en corte, e ignorando el hecho cierto que la parte demandante-apelante notificó directamente a la directora escolar (Departamento de Educación) desde el mismo día del accidente y llenó un formulario oficial sobre la ocurrencia del accidente, cosa que el Tribunal Supremo de Puerto Rico ha establecido como notificación de facto adecuada al Estado.

> **TERCER ERROR:** Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda en contra del codemandado apelado Estado Libre Asociado de Puerto Rico, de manera prematura y sumaria, a pesar de que los demandantes apelantes expusieron una reclamación que justifica la concesión de un remedio, sin permitirles tener su día en corte, e ignorando el hecho de que la codemandante [VMV] es menor de edad y que contra los menores de edad no decursan los términos prescriptivos ni de caducidad.

En respuesta, el ELA, representado por la Oficina del Procurador General (el Procurador) presentó su *Alegato del Estado*. Sostuvo que "[e]l foro primario correctamente desestimó la reclamación de la señora Vélez

Vélez y el señor Méndez Torres en contra del Estado y el DE al reconocer que incumplió con el requisito de notificación dispuesto en el Artículo 2A de la Ley Núm. 104-1955", puesto que "la notificación de posible demanda se envió por correo certificado trascurrido doscientos cuarenta y cuatro (244) días desde la presunta caída".[6] Además, indicó que "[e]l que no tuviese conocimiento de la extensión o la magnitud de los presuntos daños hasta una fecha posterior a la caída no implica que no se haya activado su término prescriptivo conforme a la teoría cognoscitiva del daño".[7]

Sin embargo, con respecto a la causa de acción de la menor que también resultó desestimada, el Procurador advirtió de manera sucinta, pero acertada, que "un análisis de *Rivera Serrano v. Mun. de Guaynabo*, 191 DPR 679 (2014), y *Pérez Aguirre v. E.L.A.*, 148 DPR 161 (1999) (Sentencia), nos lleva a concluir que **la inobservancia de los padres con el requisito de notificación dispuesto en el Artículo 2A de la Ley Núm. 104- 1955, *supra*, no acarrea la consecuencia de que la reclamación de VMV sea también desestimada**".[8] (Énfasis provisto).

Con el beneficio de la comparecencia de las partes, disponemos del recurso ante nuestra consideración.

**II. Exposición de Derecho**

**a. La moción de desestimación**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008). Dicha regla dispone que la parte demandada puede presentar tal moción, esgrimiendo las siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del

---

[6] *Alegato del Estado*, Entrada Núm. 3 de SUMAC-TA, pág. 18.
[7] *Íd.*, pág. 19.
[8] *Íd.,* pág. 2.

diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**, y (6) dejar de acumula una parte indispensable. (Énfasis provisto). 32 LPRA AP. V, R. 10.2; *López García v López García,* 200 DPR 50, 69 (2018); *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234*; Asco. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 935 (2011).

Al realizar la evaluación de una petición presentada al amparo de la R. 10.2*, supra,* el tribunal debe aceptar como ciertos todos los hechos bien alegados en la demanda, eliminando del análisis las conclusiones legales y elementos de la causa de acción apoyados en aseveraciones conclusorias. Luego de brindarle veracidad a los hechos bien alegados, debe determinar si a base de éstos la demanda establece una reclamación plausible que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Edic., Puerto Rico, Lexisnexis, 2017, pág. 307. Para que pueda prosperar una moción de desestimación, tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *López García v. López García,* supra, pág. 70*; Rivera Sanfeliz v. Jta. Dir. FirstBanck,* 193 DPR 38, 49 (2015).

Finalmente, si de las alegaciones de la demanda surge que la causa de acción instada prescribió, un demandado puede presentar una moción de desestimación fundada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1066 (2020).

### b. La prescripción

La prescripción es una norma de derecho sustantiva y no procesal para la extinción de las obligaciones, que se rige por las disposiciones del

Código Civil de Puerto Rico o la legislación especial que aplique, y acarrea la desestimación de cualquier acción que sea presentada fuera del término previsto para ello. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372-373 (2012); *García Pérez v. Corp. Serv. Mujer*, 174 DPR 138, 147 (2008); *Maldonado v. Russe*, 153 DPR 342, 347 (2001). Esta figura tiene como finalidad "evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono". *García Pérez v. Corp. Serv. Mujer*, supra, pág. 148; *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007).

Las acciones prescriben por el mero lapso del tiempo. Artículo 1189 del Código Civil de 2020, 31 LPRA 9481. En particular, la reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de un (1) año, *contado desde que la persona agraviada conoce la existencia del daño y quién se lo causó*. Artículo 1204(a) del Código Civil, 31 LPRA 9496. Captó así el Código Civil de 2020 la teoría cognoscitiva del daño al disponer que los términos para incoar una causa de acción comienzan a transcurrir cuando el reclamante conoce, o debió conocer, si hubiera empleado un grado razonable de diligencia, que sufrió daños y quién se los causó. *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425 (2011).

En *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 411 (2000), el Tribunal Supremo de Puerto Rico ilustró que

> el verdadero punto de partida para computar el término prescriptivo para instar una acción de daños y perjuicios es la fecha en la que el agraviado supo del daño y pudo ejercitar su acción. Por lo tanto, **el término para ejercer las acciones comienza a transcurrir**, no cuando se sufre el daño, sino **cuando se conocen todos los elementos necesarios para poder ejercer la acción**. (Énfasis provisto).

En consecuencia, el momento que se toma como verdadero punto de partida en una acción de daños es la fecha en que el perjudicado conoció del daño, quién fue el autor y, además, desde que éste conoce los

elementos necesarios para poder ejercitar efectivamente su causa de acción. *Vera v. Dr. Bravo*, 161 DPR 308, 328 (2004); *Santiago v. Ríos Alonso*, 156 DPR 181, 189 (2002). No obstante, "si el desconocimiento se debe a la falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción". *Padín v. Cía Fom. Ind.*, supra, pág. 411. En armonía, ha sido dicho que:

> **Una vez el perjudicado conoce el daño constitutivo de una lesión corporal** —por la presencia de manifestaciones e indicios exteriores o físicos— y se da cuenta, o cuando razonablemente debió haber reconocido el sufrimiento del referido daño e identificado su causante, **el plazo prescriptivo de un (1) año comienza a decursar, aunque en ese momento no se pueda valorar *a priori* toda su magnitud y extensión**. <u>No es necesario que el perjudicado conozca en ese momento toda la magnitud y extensión de las consecuencias lesivas de las lesiones corporales, ya que tal extremo se puede establecer en un momento posterior durante el proceso jurídico para su reparación.</u> (Énfasis y subrayado provistos). *Vera v. Dr. Bravo*, supra, 330 (2004).

### c. El inicio del término prescriptivo y el caso de los menores

La prescripción no tiene lugar contra las personas que no pueden contratar o accionarse entre sí. Artículo 1196 del Código Civil, 31 LPRA sec. 9488. Un menor se encuentra en dicho grupo de personas incapacitadas de ejercitar causas de acción **mientras subsista su minoría de edad**. (Énfasis provisto). Por tanto, **el tiempo que dure su minoridad no se considerará parte del tiempo fijado para empezar a ejercitar la acción**. (Énfasis provisto). Artículo 40 del Código de Enjuiciamiento Civil, 32 LPRA sec. 254. Dicho de otra manera, **la prescripción se suspende durante todo el período de la incapacidad del menor**. (Énfasis provisto). *De Jesús v. Chardón*, 116 DPR 238, 253 (1985). Así las cosas, el término prescriptivo comenzará a transcurrir una vez el menor advenga a la mayoría de edad. *Íd.*

De lo anterior sigue que **no procede desestimar una demanda en daños y perjuicios incoada por un menor, aun cuando sus padres o tutores hayan incumplido con el requisito de notificación que establece la ley**. (Énfasis provisto). *Rivera Serrano v. Mun. de Guaynabo*,

191 DPR 679 (2014). Según fue reafirmado en la Opinión que precede, "es norma firmemente establecida en nuestra jurisdicción que, contrario a lo que sucede con los adultos, los derechos y las causas de acciones de los menores no se extinguen por el paso natural del término prescriptivo establecido por ley". *Íd.*, págs. 189-190. Así fue reconocido en *Ibáñez v. Diviñó*, 22 DPR 518 (1915), y ha sido reiterado desde entonces en decenas de casos posteriores. Véanse, *e.g.*: *Parrilla v. Rodríguez*, 163 DPR 263 (2004); *Martínez Soria v. Proc. Esp. Rel. Fam.*, 151 DPR 41 (2000); *Rodríguez Avilés v. Rodríguez Beruff*, 117 DPR 616 (1986); *De Jesús v. Chardón*, 116 DPR 238 (1985); *Torres v. Tribl. Superior*, 85 DPR 559 (1968); *Valentín v. Jaime*, 86 DPR 774 (1962); *Márquez v. Tribunal Superior*, 85 DPR 559 (1962); *Gómez v. Marques*, 81 DPR 721 (1960).

### d. Notificación al ELA en caso de daños y perjuicios

En Puerto Rico rige la doctrina de inmunidad del Estado o inmunidad soberana desde que el Tribunal Supremo de Estados Unidos la incorporó a nuestro ordenamiento por mandato judicial en *Porto Rico v. Rosaly y Castillo*, 227 US 270 (1913). Véanse: *Toro Rivera v. ELA*, 194 DPR 393, 405 (2015); *Rosario Mercado v. ELA*, 189 DPR 561 (2013); *Guardiola Álvarez v. Depto. de la Familia*, 175 DPR 668 (2009). Esta doctrina sirve de fundamento legal para impedir procesos judiciales contra el Estado sin su consentimiento. *Toro Rivera v. ELA,* supra*; Guardiola Álvarez v. Depto. de la Familia*, supra; *Defendini Collazo et al. v. E.L.A., Cotto*, 134 DPR 28 (1993).

No obstante, la adopción de dicho principio propició que el Poder Legislativo promulgara una serie de medidas a fin de prescribir los contextos en los que admitiría imponerle responsabilidad torticera al Estado. *Toro Rivera v. ELA,* supra*; Guardiola Álvarez v. Depto. de la Familia*, supra; *Berríos Román v. ELA*, 171 DPR 549 (2007). La última de éstas es la Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077 *et seq.*, conocida como Ley de Pleitos contra el Estado, la cual constituye una renuncia del soberano a su inmunidad que, aunque amplia, no representa una

autorización ilimitada en contra de la protección que le asiste. *Toro Rivera v. ELA,* supra*; Doble Seis Sport v. Depto. Hacienda,* 190 DPR 763 (2014). La Ley Núm. 104 es, más bien, una renuncia parcial del Estado a su inmunidad que dispone las circunstancias específicas según las cuales éste consintió ser demandado. *Íd.*

**El imperativo de notificación previa al soberano** es una de las condiciones impuestas por la Ley Núm. 104, cuyo incumplimiento es capaz de impedir las reclamaciones torticeras contra el Estado. (Énfasis provisto). El Art. 2A de la referida disposición legal impone al agraviado el deber de dirigir una notificación escrita **al Secretario de Justicia**, *como requisito de cumplimiento estricto a ser satisfecho antes de entablar una acción judicial en contra del cuerpo político.* (Énfasis provisto). Art. 2A(a) de la Ley de Pleitos contra el Estado.[9] A estos efectos, la notificación *deberá cursarse en los noventa días siguientes a la fecha **en que el demandante conoce el daño**.* (Énfasis provisto). Art. 2A(c) de la Ley Núm. 104.

Además, la referida notificación deberá cumplir con una serie de exigencias de forma y contenido. Advertirá por escrito "en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia". Art. 2A(e) de la Ley Núm. 104. La disposición enfatiza que

> *[n]o podrá iniciarse acción judicial alguna contra el Estado por daños causados por la culpa o negligencia* de aquél, *si no se hubiese efectuado la notificación escrita **en la forma y manera y dentro de los plazos prescritos** en esta sección,* a menos que no haya mediado justa causa para ello. (Énfasis provisto). Art. 2A(e) de la Ley Núm. 104.

De lo anterior se desprende que la obligación de notificar al soberano exige dos condiciones importantes. *El aviso al Estado deberá producirse, primeramente, dentro de los noventa días contados desde que el*

---

[9] La Ley Núm. 104 sufrió una enmienda importante por medio de la Ley Núm. 121 de 24 de junio de 1966, cuando el legislador añadió el requisito de notificación al Secretario de Justicia como condición previa a la presentación de una demanda contra el Estado. Ley Núm. 121 de 24 de junio de 1966 (1966 Leyes de Puerto Rico 396).

*agraviado conoce el daño y segundo, antes de éste iniciar la acción judicial. Passalacqua v. Mun. de San Juan*, 116 DPR 618 (1985). De no satisfacerlos, la Ley Núm. 104, clara e inequívocamente, prohíbe comenzar proceso judicial alguno en contra del Estado, salvo que medie *justa causa* que *torne innecesaria* la notificación o *prolongue el término* para efectuarla. Art. 2A(e) de la Ley de Pleitos contra el Estado; *Passalacqua v. Mun. de San Juan*, supra.

La notificación es una parte esencial de la causa de acción, sin la cual el Estado conserva su inmunidad y el demandante pierde su derecho a un remedio. *Toro Rivera v. ELA*, supra*; Rosario Mercado v. ELA*, supra; *Berríos Román v. ELA*, supra. En ese sentido, el mencionado requisito debe aplicarse de manera rigurosa. *Toro Rivera v. ELA*, supra*; Rosario Mercado v. ELA*, supra; *Berríos Román v. ELA*, supra. No obstante, su naturaleza es de *cumplimiento estricto*, con un efecto jurídico distinto al jurisdiccional. Art. 2A(e) de la Ley Núm. 104. *Toro Rivera v. ELA*, supra*; Rosario Mercado v. ELA*, supra; *Berríos Román v. ELA*, supra. De aquí que nuestro Tribunal Supremo ha admitido excepciones donde el esquema legislativo pierde el propósito de proteger los intereses del Estado o jurídicamente no se justifica aplicar el requisito a tales circunstancias. *Toro Rivera v. ELA*, supra*; Rosario Mercado v. ELA*, supra; *Berríos Román v. ELA*, supra. Así, el Tribunal Supremo se ha negado a exigirlo de forma automática por ser innecesario y no contrariar los propósitos de la ley cuando: (1) la defensa de falta de notificación es renunciada por el Estado; (2) el funcionario a quien se ha de notificar y contra el cual se dirige la acción es el mismo, por lo que posee conocimiento personal sobre los hechos; (3) el riesgo de que la prueba objetiva desaparezca es mínimo y el Estado puede corroborarla fácilmente; (4) se entabla una acción directa contra la aseguradora; (5) una parte presenta una reconvención compulsoria, luego de que la entidad estatal inicia una acción en su contra en el término dispuesto en ley para notificar; (6) la parte ha demandado y

diligenciado el emplazamiento en los noventa días que requiere la ley para notificar, y (7) la tardanza no es imputable al demandante y torna inútil la notificación. *Toro Rivera v. ELA,* supra*; Rivera de Vincenti v. E.L.A.,* 108 DPR 64 (1978).

Con todo, el mismo alto foro ha advertido que, aunque ha dado una interpretación liberal a la aplicación de esta norma, *no significa que lo hayamos dejado sin efecto*, prerrogativa de exclusiva competencia legislativa. *Toro Rivera v. ELA,* supra*; Berríos Román v. ELA*, supra. Es decir, "el requisito de notificación mantiene su vigencia y validez, no es irrazonable ni restringe de forma indebida los derechos del reclamante". *Toro Rivera v. ELA,* supra*; Rosario Mercado v. ELA*, supra, pág. 567. "[T]odo demandante tiene que explicar [detalladamente] la tardanza en notificar al Estado conforme lo establece el Art. 2A de la Ley Núm. 104". *Toro Rivera v. ELA,* supra*; Rosario Mercado v. ELA*, supra, pág. 573. De no ajustarse a nuestras directrices, el reclamante pierde su derecho a ir contra el Estado.

## III. Aplicación del Derecho a los hechos

a.

Los primeros dos señalamientos de error son susceptibles de discusión conjunta o seguida, de modo que así procederemos.

Al argüir el primer señalamiento de error alzado, la parte apelante inicia por reconocer al menos dos datos de importancia para sopesar si la notificación al Estado, previo a presentar una demanda por daños y perjuicios, fue oportuna: 1) el incidente en que la menor resultó herida ocurrió el 26 de octubre de 2024; 2) cursó una comunicación escrita a la Secretaria de Justicia el 27 de junio de 2025, notificándole de la presentación de una potencial demanda por dicho incidente, que fue recibida el 1 de julio del mismo año.

Visto lo anterior, sin más, resulta patente la transgresión de la notificación al Soberano sobre la posible radicación de una causa de acción por daños y perjuicios *dentro de los noventa días contados desde que el*

*agraviado conoce el daño.* Art. 2A(a) de la Ley de Pleitos contra el Estado, *supra.*

Entonces, ante lo evidente de la referida transgresión al término para notificar, —de solo tomar en consideración los datos que preceden—, la parte apelante acude a la teoría cognoscitiva del daño, en el contexto de la responsabilidad civil extracontractual, como vía para explicar en qué momento, a su juicio, realmente inició el término para notificar. Así, asevera que, aunque la caída ocurrió el 22 de octubre de 2024, y la menor recibió atención médica ese mismo día, no fue sino posteriormente, el 30 de abril, 30 de mayo y 2 de junio de 2025, que realmente *se manifestó* el alcance de la gravedad de los daños, a saber, que la molestia y cicatriz en la pierna serían permanentes, además de la extensión del daño a la pantorrilla. Tales fechas están vinculadas con acontecimientos de importancia en la vida estudiantil de la menor (juego final de fútbol, graduación de cuarto año y *senior prom*). Bajo la teoría legal que nos propone la apelante, tomadas tales fechas como punto de partida para computar el término de noventa (90) días para notificar al ELA de la causa de acción (por cuanto fue en estas que *se manifestó* el alcance del daño causado), la notificación cursada a la Secretaria de Justicia el 27 de junio de 2025, debe reputarse como oportuna.

No nos persuade; por el contrario, nos queda muy claro que la parte demandante conoció del daño causado desde el mismo día en que aconteció la caída de la menor y fue esta la fecha que marcó el inicio del término para notificar a la Secretaria de Justicia.

Tomando como ciertas las alegaciones decimocuarta y decimoquinta de la *Demanda[10]*, según nos corresponde al evaluar la moción dispositiva al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, resulta evidente que *el perjudicado conoció el daño constitutivo de la lesión corporal —por la presencia de manifestaciones e indicios exteriores o físicos—,* por causa de

---

[10] *Demanda*, Entrada Núm. 1 de SUMAC-TPI.

la *herida profunda en la parte frontal de su pierna derecha,* por la cual la menor *fue llevada en ambulancia con la herida abierta a sala de emergencias del Hospital Pavía en Santurce donde fue atendida por el Dr. José Francisco Jiménez y tras intervenir con su herida, le tomaron múltiples puntos internos y externos en dicha herida.*[11] No nos resulta controvertible, en modo alguno, que, a partir del momento mismo de la caída, e inmediata atención médica recibida por causa de la *profunda herida* sufrida, la parte apelante advino en conocimiento de todos los elementos necesarios para ejercer la causa de acción, independientemente de si se podía valorar en ese momento la magnitud y extensión de los daños. Tal como citáramos de *Vera v. Dr. Bravo*, supra, bajo la propia teoría cognoscitiva del daño, "el plazo prescriptivo de un (1) año comienza a decursar, **aunque en ese momento no se pueda valorar *a priori* toda su magnitud y extensión**. **No es necesario que el perjudicado conozca en ese momento toda la magnitud y extensión de las consecuencias lesivas de las lesiones corporales**, ya que tal extremo se puede establecer en un momento posterior durante el proceso jurídico para su reparación". (Énfasis provisto).

Tampoco estamos ante unos hechos que enmarquen dentro de la figura jurídica de los daños continuos o de los sucesivos. El caso ante nuestra consideración trata propiamente de una sola conducta torticera, provocada por la condición en que se encontraba *la alcantarilla y la parrilla de hierro de dicha alcantarilla que cedió por estar rota, podrida y mohosa,* que causó el daño alegado, sin rastro de que interviniera una *pluralidad de actos torticeros* posteriores que dieran paso a daños continuados y entonces justificaran reconocer el inicio del término prescriptivo a partir de la conclusión del último acto torticero. Según se aclaró en *Cacho González v. Santarrosa*, 203 DPR 215, 222-223 (2019), en el contexto de las doctrinas de daños continuos o daños sucesivos, "[l]o que en realidad es continuo o

---

[11] *Íd.*

sucesivo en estos escenarios es el acto u omisión que produce el daño **y no, necesariamente, la lesión sufrida**". (Énfasis provisto). Por tanto, para efectos del Art. 2A(c) de la Ley Núm. 104-1955, los apelantes *conocieron el daño* el día de la caída.

Por otra parte, y atendiendo el segundo señalamiento de error, tampoco podemos reconocer que los mensajes de texto intercambiados entre los padres y la directora de la escuela donde ocurrió el hecho torticero ni la *Solicitud de Reclamación de Seguro contra Accidente* suscrita por los padres y entregada a dicha escuela[12], cumplieran con las formalidades exigidas por el Art. 2-A de la Ley 104-1955 para reconocer como notificada a la Secretaria de Justicia sobre una posible causa de acción.[13]

En términos de los requisitos de forma, ya adelantamos que se requiere que la notificación sea referida a la Secretaria de Justicia en forma clara y concisa con indicación de la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. Art. 2A(e) de la Ley Núm. 104. Ni los referidos textos ni el formulario aludido contienen indicación alguna sobre la posibilidad de la presentación de una demanda contra el ELA. Tampoco se evidencia alusión a la Secretaria de Justicia o disposición a notificar al Departamento de Justicia sobre acción legal posterior a través de la directora de la escuela. Los textos incluidos son parcos, sin posibilidad de considerarlos como cumplidores con las formalidades exigidas por la ley, y el formulario aludido contiene información dirigida al seguro privado de la escuela,

---

[12] Advierte el Procurador en su *Alegato del Estado* que ninguno de estos asuntos alzados por la parte apelante ante nosotros fue mencionado en la *Demanda*, de modo que no deberíamos tomarlos en consideración al sopesar la *Moción de Desestimación* presentada. Tiene razón; en las alegaciones incluidas en la *Demanda* no se incluyó inciso alguno que se ocupara de esta teoría legal, limitándose en su inciso treinta y uno a afirmar que se había enviado una notificación a la Secretaria de Justicia sobre una *potencial demanda judicial* en cumplimiento con lo exigido por la Ley 104—1955. No obstante, hemos decidido considerar el asunto en tanto, como se verá, el resultado continúa siendo el mismo: la parte apelante incumplió con los requerimientos dé término y formales exigidos por dicha legislación.

[13] Los mensajes de textos aludidos y la *Solicitud de Reclamación de Seguro contra Accidente* fueron incluidos como apéndices de la *Moción en Oposición a Desestimación* instada por los apelantes ante el TPI. Entrada Núm. 60 de SUMAC-TPI.

donde tampoco se incluyó copia al Departamento de Justicia ni advertencia sobre acción legal prevista.

Por último, referente a estos primeros errores señalados, tampoco apreciamos que acontecieran algunas de las excepciones reconocidas por la jurisprudencia a la notificación que obliga la Ley 104-1955, según las precisamos en la exposición de derecho. *Toro Rivera v. ELA, supra; Rosario Mercado v. ELA*, supra; *Berríos Román v. ELA*, supra.

b.

El último señalamiento de error es de fácil disposición, por cuanto la jurisprudencia ha marcado una ruta clarísima al considerar el efecto de la notificación tardía al Estado de una posible causa de acción por daños y perjuicios cuando el promovente de la acción es un menor.

Así, aunque mediante *Sentencia,* en *Pérez Aguirre v. ELA*, supra, pág. 163, nuestro Tribunal Supremo tuvo la oportunidad de sopesar la intersección que acontece entre el requisito de notificación al Estado exigido por la Ley de Pleitos contra el Estado *vis a vis* el especial reconocimiento que nuestro ordenamiento atribuye a la minoridad al computar los términos prescriptivos. Sobre ello, el alto foro razonó que la limitación impuesta por el *requisito procesal* de notificación al Departamento de Justicia no puede prevalecer sobre la norma sustantiva que dispone que la prescripción no transcurre durante la minoridad. Es decir, ante la existencia de dos (2) disposiciones que no pueden armonizarse, *la procesal tiene que ceder, ergo,* le toca ceder al requisito de notificación previa al Secretario de Justicia.

Luego, en *Rivera Serrano v. Mun. de Guaynabo*, supra, esta vez mediante Opinión, el Tribunal Supremo reiteró el razonamiento que ya había adelantado en la *Sentencia* que emitió en *Pérez Aguirre v. ELA*, supra. Aunque en el contexto de la notificación al alcalde que exigía el Art. 15.003

de la derogada Ley de Municipios Autónomos[14], casi un calco del Art. 2-E de la Ley 104-1955, nuestro Tribunal Supremo aseveró que "es norma firmemente establecida en nuestra jurisdicción que, contrario a lo que sucede con los adultos, los derechos y las causas de acciones de los menores no se extinguen por el paso natural del término prescriptivo establecido por ley", "[e]sto como consecuencia de las disposiciones del Art. 40 del Código de Enjuiciamiento Civil que dispone, en lo pertinente, que ¨[s]i la persona con derecho a ejercitar una acción fuese al tiempo de nacer la causa de la acción: (1) menor de edad[,] el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción¨'". *Rivera Serrano v. Mun. de Guaynabo*, supra, págs. 689-690. Entonces, **citando con aprobación el razonamiento expuesto en la Sentencia de *Pérez Aguirre v. ELA***, supra, reiteró que "el requisito de una notificación previa al Secretario de Justicia no debía prevalecer frente al derecho sustantivo reconocido por el Art. 40 del Código de Enjuiciamiento Civil, *supra*". *Íd.*, pág. 696. *"Sería una burla a los derechos que tanto el Código Civil como el Código de Enjuiciamiento Civil le reconocen a los menores si resolviésemos que dichos derechos quedan supeditados al requisito de notificación". Íd.*

Siendo que en este caso las alegaciones incluidas en la *Demanda* afirman que la joven Viviana Méndez Vélez era menor de edad al momento en que sufrió los daños por los que reclama ser indemnizada[15], nos toca tomarlas como ciertas, por virtud de los criterios que dirigen el examen de la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*. De lo que sigue que, por causa de dicha minoridad, no corrían términos prescriptivos en su contra mientras subsistiera dicha condición jurídica, lo que incluye la paralización del término para notificar a la Secretaria de Justicia sobre una posible demanda dentro de los noventa

---

[14] Ley Núm. 81-1991, 21 LPRA sec. 4703. Según advertimos, esta ley fue derogada por la Ley Núm. 107-2020, Código Municipal de Puerto Rico.

[15] *Demanda*, alegación tercera, Entrada Núm. 1 de SUMAC-TPI.

(90) días luego del accidente ocurrido el 22 de octubre de 2024, según lo impone la Ley 104-1955.

Es decir, el tercero error señalado fue cometido.

## IV. Parte dispositiva

Por los fundamentos que anteceden, **modificamos** la *Sentencia Sumaria Parcial* apelada a los fines de *confirmar* la *Sentencia* respecto a la desestimación de la causa de acción instada por los esposos Laura Margarita Vélez Vélez y Juan Carlos Méndez Torres, pero *revocar* la desestimación dictada contra la causa de acción instada por la menor, Viviana Méndez Vélez. A tenor, ordenamos la devolución del asunto al foro primario para la continuación de los procedimientos, según lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones